# Lee & Hayden *vs* Wathen & Spaulding.

CHANCERY.

### APPEAL FROM THE MARION CIRCUIT.

*Fraudulent Conveyances.   Devises.*

Case 79.

CHIEF JUSTICE EWING delivered the opinion of the Court.

*April 13.*

In August, 1839, Lee conveyed a tract of land to Hayden, his father-in-law, to secure the payment of $523 89, borrowed money, with interest and costs, in five years from the date.   In June, 1841, he made an absolute conveyance of the same tract to Hayden, in consideration of the principal and interest that had accrued on said debt.

The case stated.

Wathen & Spaulding upon an execution returned, "no property found," against Lee for $75 and costs, filed their bill against Lee & Hayden, charging collusion and fraud in the execution of said deeds.   Upon the hearing, the Chancellor annulled the deed of 1841, and decreed the absolute sale of so much of the land as might be necessary to pay the complainant's debt, interest and costs, and Lee and Hayden have appealed to this Court.

There can be no rational doubt, that the deed of 1841 was made and contrived to cover over the land and protect it from the claims of creditors. and especially the demand of the complainants, and it was therefore properly

A deed of mortgage given to secure the payment of a debt not due for three years, at the end of five

VOL. III.                    38

LEE & HAYDEN
*vs*
WATHEN &c.

years, and cover-
ing land worth
three times the
amount, when
threatened by an-
other with suit,
considered under
these circum-
stances to be
fraudulent.

In such case,
where a creditor
seeks satisfac-
tion out of the
mortgaged prop-
erty, and the
mortgage debt is
not due, the
chancel'r should
direct a sale of
mortgagor's equi-
ty of so much of
the land as will
pay the debt, in-
terest and costs.

annulled. Lee was embarrassed, and on the eve of in-solvency. Spaulding had pressed him to secure the complainant's debt, by a mortgage on his land, subject to the mortgage of Hayden, and promised indulgence for twelve months. Lee declined, and an immediate suit was threatened and commenced. Lee threatened that their debt should be the last debt paid, and hastened off to his friend Tucker to consult him on the subject, and they both hastened off to Hayden's, where the deed was concocted, and upon no other consideration than the debt which was secured, and which was not due for more than three years afterwards, when the amount was less than one third of the cash value of the land, and less than one sixth of the price that Lee held the land at.

Under the circumstances, no rational motive can be ascribed for the sale of the land at so great a sacrifice, without an effort to make a better sale, other than an in-tention to place it in the hands of his father-in-law, as the means of securing his equity of redemption from the de-mands of creditors, and especially to hinder and obstruct the complainants in their efforts to coerce their debt. And this motive and intention must have been well un-derstood by Hayden, whether the object was distinctly avowed or not, as the facts enumerated were known to him.

But the decree is erroneous in directing the *absolute sale* of so much of the land as may be necessary to pay the complainant's demand. The mortgage is valid and unimpeachable, and has not been, and ought not to have been annulled by the decree. It secures to Hayden the prior lien upon the land for the payment of his debt, and he ought not to be deprived of his prior claim : (6 *Dana*, 184.) If his debt had been due, it would have been proper to have directed the sale of so much of the land as might be necessary to pay both debts, paying the debt of Hayden first. But the debt not being due, and Hayden not having a right to exact payment until it fell due, the decree should have been rendered, requiring the sale of the equity of redemption in so many acres on some end or side of the tract in convenient form as might be neces-sary to pay the complainant's debt, interest and costs,

subject, however, to the prior lien of Hayden, for so much of his debt, interest and costs, as may not be satisfied by a sale of the residue of the land.

Decree reversed, and cause remanded, that a decree may be rendered as directed in this opinion.

*Fogle* for appellants: *Shuck* for appellees.